FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER WALTER, Administrator of the Estate of Janet H. Garfield,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　　Defendant - Appellee. | No. 09-15664<br><br>D.C. No. 3:03-cv-04124-VRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Submitted November 4, 2010[**]
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and SETTLE, District Judge.[***]

　　We affirm the district court's grant of summary judgment to the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

Commissioner. Jennifer Walter has presented no evidence of claimant Janet Garfield's mental incapacity during the sixty-day period following the Appeals Council's 1997 decision, *see* 42 U.S.C. § 405(g); Social Security Ruling (SSR) 91-5p, 1991 WL 208067, at *1, and has shown neither a nexus between the Commissioner's alleged fraudulent concealment and her inability to file suit in a timely manner, as is required for equitable estoppel, nor an inability to obtain vital information bearing on the existence of her claim during the tolling period, as is required for equitable tolling, *see Huseman v. Icicle Seafoods*, 471 F.3d 1116, 1120–21 (9th Cir. 2006). We also affirm the district court's decision not to exercise its mandamus jurisdiction over Walter's complaint because the Commissioner has no "clear nondiscretionary duty" to reopen lapsed claims, *Johnson v. Shalala*, 2 F.3d 918, 924 (9th Cir. 1993) (internal quotation mark omitted) (quoting *Briggs v. Sullivan*, 886 F.2d 1132, 1142 (9th Cir. 1989)). Walter's argument that the Special Disability Workload (SDW) process created a "clear nondiscretionary duty" for the Commissioner to reopen Garfield's claim fails because Garfield was never eligible for the SDW.

**AFFIRMED.**